**Bernard NASSIF, Plaintiff,**

v.

**NATIONAL PRESTO INDUSTRIES, INC., Defendant.**

**No. Civil 87–835–A.**

United States District Court,
S.D. Iowa, C.D.

Jan. 25, 1990.

William Scherle of Hansen, McClintock & Riley, Des Moines, Iowa, for plaintiff.

Richard Sapp of Nyemaster, Goode, McLaughlin, Voigts, West, Hansel & O'Brien, Des Moines, Iowa, for defendant.

## RULING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WOLLE, District Judge.

Defendant's motion for summary judgment, reduced to essentials, presents three questions: (1) Did defendant, manufacturer of a space heater, act negligently or produce a defective product in failing to warn users the heater could burn them; (2) Did defendant owe a duty to give special warning to users who have sensory loss; and (3) Were the instructions accompanying defendant's space heater inadequate or misleading, making the product defective or defendant liable for negligence? The court answers no to all three questions. Defendant's motion for summary judgment is granted.

The plaintiff, a diabetic, purchased the Presto Quartz Heater manufactured by defendant for use in his home. Plaintiff's diabetic condition caused him to have a reduced sensitivity to heat; he was fully aware of this sensory loss. On November 5, 1985, the plaintiff received severe burns on his left foot when he fell asleep while using the heater to warm himself. He contends the product was defective and the manufacturer was negligent in failing to give appropriate warnings, in particular a special warning to persons with sensory deficit like himself. He also contends the written directions were misleading and made the heater unsafe for his use.

The written directions that accompanied the heater included an explanation that the Quartz Heater "warms you directly, comfortably, almost instantly, from head to toe without first heating the entire room." The "Important Safeguards" section included standard warnings about use of electricity and the additional statements:

2. Do not use heater in places where solvents or other flammable materials may come in contact with the heater. Never use heater for drying or heating when painting with lacquer or oil base paints, as they may ignite.

. . . .

4. Close attention is necessary when this heater is used where children are present.

. . . .

11. Do not allow heater to operate unattended in a small, well insulated room, as overheating may occur.

12. Do not place heater in closed areas such as beneath furniture, in cabinets or beneath or behind curtains or drapes. Always allow at least 30 inches of space between the front and sides of the heater and any other surface.

13. Keep heater away from materials which may be damaged by heat and from flammable materials such as drapes, curtains and delicate fabrics.

A further written statement explained how the heater "keeps you warm ..."

The Presto Quartz heater is designed to heat people and objects, directly without first heating the air space around them. This allows the actual room temperature to be kept at a lower level while personal comfort is maintained.

Heat is produced by a coiled wire element encased in a translucent quartz tube. When this element is energized, heat is produced on two "wave-lengths." One wave-length is in the "visible range" and can be seen as the red glow of the hot tube. The majority of the heat, however, is in the "infra-red" range. These "infra-red waves" pass through the air with very little energy loss. Instead of heating the air, they heat any solid objects, including people in their path.

The instruction concerning "Locating the heater ..." provides:

The location selected for the heater is very important for efficient operation. Follow these rules for best results:

1. Place the heater so the front grille faces the person to be heated. Direction is important since the unit heats people and objects directly. Do not try to heat the entire room. Also remember that infra-red heat will travel through glass, just like the sun's rays. If the heater is aimed at a window, objects outside will be heated.

For maximum effectiveness, place heater 3 to 10 feet away from people being warmed. Avoid sitting too close because intense heat may dry eyes and cause irritation. Heating efficiency begins to drop at locations over 10 feet away from heater.

2. For safety, the heater should be in a stable, upright position with at least 30 inches of space between the front and sides of the unit and any other surface.

Do not place the heater in a closed area, such as beneath furniture, in cabinets or beneath or behind curtains or drapes. Do not hang the unit from a wall or ceiling.

The extensive summary judgment record includes deposition testimony of the plaintiff's product-safety expert, Doctor Jerry Hall, who had inspected the heater. Hall expressed the opinion that a hand held twelve inches from the heater for thirty seconds would sustain a burn unless withdrawn because of the pain felt by a person with ordinary sensitivity. He conceded that a person with no sensory deficit would feel the heat and move the hand before it would be burned. Hall expressed the opinion the written product warnings were inadequate because the heat is transmitted by space, not by touch, and therefore the hazards are more subtle and require a specific warning. He did not explain what he meant by subtle; nothing in this record suggests that a person with ordinary sensitivity would be injured before feeling the heat transmitted by the space heater. This court held, following an earlier hearing, that Hall would be allowed to testify as to the criteria by which he would form an opinion on warnings that should accompany the product, but he would not be allowed to testify, without a further showing, that the product was defective in having inadequate warnings. The court based this ruling *in limine* on Federal Rule of Evidence 702 and *Harris v. Pacific Floor Mach. Mfg. Co.*, 856 F.2d 64, 67–68 (8th Cir.1988). Plaintiff made no further showing to support admissibility of such testimony.

■ Plaintiff concedes his foot would not have been injured if he had not been afflicted with a sensory deficit in his left foot. An ordinary person would have felt the heat and withdrawn the foot to a safe distance from the heater. The motion papers disclose the only factual issue in dispute is the length of time plaintiff's foot was near the space heater and how near he placed it. Those fact issues might be material to questions of comparative negligence, assumption of risk, or product misuse, but they are not material to the questions here addressed—the extent of the duty to warn owed by defendant to users of the heater and whether inappropriate directions accompanied the heater.

Defendant had the burden to demonstrate that the summary judgment record does not disclose a genuine dispute on a material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied that requirement, the other party has an affirmative burden to demonstrate that evidence generates a genuine dispute and the case cannot be decided without a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *City of Mount Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273–74 (8th Cir.1988).

■ I. *Scope of Duty to Warn.* Both on the theory of negligent failure to warn and the theory the product was defective for inadequate warning, plaintiff relies on the Restatement (Second) of Torts sections 388 and 402A. When inadequate warning is the sole theory for product liability, the difference between a strict liability and negligence case usually disappears. *See generally* Prosser, *Handbook of the Law of Torts*, 644–46 (4th ed.1971) (liability of manufacturer, though called strict, rests primarily upon departure from proper stan-

dards of care in giving warning); *accord,* Prosser & Keaton, *Handbook of the Law of Torts,* § 96 at 685–86 (5th ed.1984). The claimant seeking recovery on a theory that a product contained inadequate warnings ordinarily must prove that the manufacturer was negligent. *Id.* § 99, at 697, and cases cited at ftnt. 20.

■ In product liability cases involving questions of appropriate warning, the Iowa Supreme Court has adopted Restatement section 388:

> One who supplies ... a chattel ... is subject to liability ... for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier: (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied; (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*See, e.g., Moore v. Vanderloo,* 386 N.W.2d 108, 116 (Iowa 1986); *Henkel v. R & S Bottling Co.,* 323 N.W.2d 185, 188–90 (Iowa 1982). Defendant is entitled to summary judgment on the question of warning, because plainly defendant had every reason to believe persons using the space heater would realize it could burn flesh held too close to it for too long a time. *See Strong v. E.I. duPont de Nemours Co.,* 667 F.2d 682, 687–88 (8th Cir.1981); *Nichols v. Westfield Indus.,* 380 N.W.2d 392, 401 (Iowa 1985).

Because the space heater's dangerous propensity to burn persons too close to it was an obvious danger, plaintiff cannot establish liability for failure to give a general warning.

■ II. *Duty to Warn One With Sensory Deficit.* The second question is whether defendant had a duty to warn persons like the plaintiff who, unlike ordinary users, would not be warned by feeling extreme heat. The plaintiff argues that the defendant should reasonably have anticipated that persons with sensory deficits would be using the heater. The Restatement (Second) of Torts, section 402A, does provide that a product, although faultlessly made, may be deemed defective if placed without a suitable warning in the hands of a user. But plaintiff reads too much into that section of the Restatement. Comment j of section 402A provides that a special duty of warning persons with special problems arises only when two conditions are met: (1) the product contains a characteristic to which a substantial number of the population are unusually susceptible, and (2) the condition is one whose danger is not generally known or which the user would not expect to find in the product. Plaintiff does not meet either requirement. Nothing in this record suggests that a substantial number of persons have sensory deficits of the type plaintiff's diabetic condition creates. Moreover, any danger that a space heater could burn a person with heat insensitivity is plain and obvious. The defendant manufacturer reasonably expected that persons with sensory deficits would know the space heater could burn them and take steps to avoid being burned. The court cannot distinguish any danger created by this space heater from the obvious danger of being burned by coils on an electric stove or charcoal in a grill.

Granted plaintiff's expert witness Hall would testify, if allowed, that this space heater has a "subtle" danger because the heat radiates. It is not for the expert witness to determine as a matter of law what warning is required of a product whose danger is open and obvious. *Aller v. Rodgers Mach. Mfg. Co.,* 268 N.W.2d 830, 840 (Iowa 1978). Nothing in this summary judgment record supports Hall's opinion that the danger of being burned by this space heater is subtle in any way for the ordinary user. Plaintiff has failed to satisfy his burden to prove both that the product was defective and that it was "dangerous to an extent beyond that which would be contemplated by the ordinary consumer ... with the ordinary knowledge common to the community as to its characteristics." Restatement (Second) of Torts § 402A,

comment i, quoted in *Aller v. Rodgers Mach. Mfg. Co.*, 268 N.W.2d at 834.

■ III. *Were the Written Directions Misleading?* This court has already explained that the danger to the ordinary user was open and obvious, precluding recovery on a theory of negligent failure to warn or defectiveness of the product due to inadequate warning. The remaining question is whether the instructions that accompanied the heater misled the plaintiff concerning how the space heater might safely be used.

Plaintiff focuses on those printed directions that teach the user to "allow at least 30 inches of space between the front and sides of the heater and any other surface." The instructions do not explicitly state, however, that no harm will befall the user who is more than thirty inches from the space heater. The court has carefully read all of the instructions together. (They are quoted above.) Giving the plaintiff the benefit of all reasonable inferences that might be drawn from the evidence in this record, the instructions could not mislead the plaintiff into believing he could safely position his foot where he placed it for the amount of time he placed it there. Those conditions would cause ordinary users to feel the heat and remove their feet. The instructions do not teach the contrary. The warnings, considered as a whole, are sufficient and not misleading in any respect.

Defendant owed plaintiff no duty to warn that a person using the space heater might be burned if the person had a sensory deficit. Neither was defendant obligated to provide any warning about the obvious danger that a foot placed too close to the heater for too long a time could be injured.

Defendant has demonstrated it is entitled to summary judgment. The clerk of court shall enter summary judgment for the defendant and against the plaintiff, with costs taxed to the plaintiff.

IT IS SO ORDERED.